### IN COLUMBIA SUPERIOR COURT.

SIMMONS CRAWFORD, Administrator *cum tes. an.* of JESSE WINFREY *vs.* WILLIAM P. BEAL, Administrator of BENJAMIN E. WINFREY.

## *Assumpsit.*

A transfer of notes long after they become due will not deprive the maker of any defence to which he would have been entitled, had they continued in the hands of the payee.

If A. contracts a debt with B. as the administrator of C. and is sued for the same, he cannot plead as a set-off a debt due to him from C. the intestate.

See also the next case.

JUDGMENT has been confessed, subject to the opinion of the court upon the plea, which is a set-off. The notes sued on were given by defendants' intestate to Thomas Colvard, administrator of James C. Walker, and were transferred to this plaintiff more than four year after their maturity.

It is well settled that a transfer of notes so long after due, will not deprive the maker of any defence to which he would have been entitled had they continued in the hands of the payee. The case is then considered as if it were between Colvard the administrator of Walker and this defendant. Judgments in the Inferior Court and Justice's Court in favor of defendant against Colvard administrator of Walker, are attempted to be set off. It does not appear, as the exemplification of these judgments are not before the court, for what they were given, but from the argument it is presumed they were for debts due from Walker in his life time. The question which then presents itself, is this, can the defendant avoid the payment of his debt contracted with Colvard, the administrator, by showing a debt due to himself by the intestate? It is the opinion of the court that he cannot.

The plea of set-off is only good where there is an entire mutuality of debts which is not the case here. Colvard the administrator of Walker is not indebted to the defendant, though he is bound in his character of administrator to pay the debt due from his intestate to the defendant if possessed of assets for that purpose. His liability is contingent, depending upon assets. The liability of the defendant consists of absolute promises, which being in consideration of assets, become themselves such in the hands of the administrator for the benefit of creditors and distributees. Among creditors the law has prescribed the order of payment, and it is not in the power of a creditor of inferior dignity to disturb this order or to defeat the rights of those having superior claims by obtaining possession of, and withholding the assets by any means or any pretext whatever. The 5th sec. of the act of 18th Feb. 1799, for the better protection and security of orphans and their estates, makes the debt for the payment of which these notes were by order of court transferred to the plaintiff, superior in dignity to all others, and the proceeds of the notes if in the hands of Colvard the administrator of Walker, must have been by him paid in satisfaction of it before every other debt. The plaintiff has received the notes in lieu of money to which if entitled indirectly through Colvard the administrator of Walker, he is as certainly entitled directly from the defendant.

Let judgment be entered for the plaintiff.